UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-9

**CINDY MITCHELL**                                                             **PLAINTIFF**

v.

**FOWLER FOODS/KENTUCKY
FRIED CHICKEN,** *et al.*                                       **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Motion for Summary Judgment (DN 24). Following a show cause order from the Court, (DN 25), Plaintiff filed her response (DN 26). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED. An appropriate Order of dismissal will issue concurrently with this Opinion.

## BACKGROUND

Plaintiff, Cindy Mitchell ("Mitchell"), was hired by Defendant, Fowler Foods, Inc., ("Fowler Foods") on September 17, 2011, as a part-time customer service worker at the Kentucky Fried Chicken restaurant on Irvin Cobb Drive. (*See* Defs.' Exh. A, DN 24-2.) Plaintiff, now 41 years old, was addicted to crack cocaine for 15 years from her early twenties until her late thirties and has been diagnosed with depression, bipolar disorder, and posttraumatic stress disorder. (C. Mitchell dep., 14, 26, DN 24-5, 24-7.) Mitchell has received Social Security "survivor's benefits" since her father's death when she was five years old. (*Id.* at 24-26.) Mitchell says she is unable to work full-time, in part because she would lose her benefits if she makes over $1,000 per month and in part because of her plantar fasciitis. (*Id.* at 29.) Mitchell, who has a tenth grade education, says that her cognitive functioning is sound, but that she has "a

comprehension problem." (*Id.* 37-39.) Mitchell is able to perform such tasks as going grocery shopping, cooking, following directions and instructions, and counting money. (*Id.*) Her employment was terminated for "stealing, hazardous procedures" on October 8, 2011. (Defs.' Exh. B, DN 24-3.)

After her termination from KFC, Mitchell filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). After conducting an investigation, the EEOC was unable to conclude Defendants violated any statute, but issued Mitchell a right to sue notice. (DN 1-1.) Thereafter, Mitchell, *pro se*, filed a Complaint with this Court, naming as defendants Fowler Foods and employees Jena Bayless, Rebecca Adams, Clay Love, and Jason Watkins. Mitchell's Complaint alleges that when Watkins hired her, he "[k]new that I had a disability," and that "a few days after I had been working there[,] $38.00 was stolen out of my purse [and] I called Paducah City Police[, and] a week later I w[as] fired." (Pl's. Compl., DN 1.) Mitchell further alleges that Bayless and Adams picked on her every day, and that Bayless called her retarded every day. Mitchell seeks monetary compensation and requests that Fowler Foods be required to fire the individual Defendants and hire a new crew.

Defendants have filed a motion for summary judgment, arguing that certain Defendants should be dismissed for improper service, that the individual Defendants are not "employers" under the Americans with Disabilities Act ("ADA"), and, finally, that Mitchell has failed to prove Fowler Foods terminated her on the basis of her disability.

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all

ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012).

## DISCUSSION

### I. No Individual Liability Exists under the ADA.

Because the Court finds that Jena Bayless and Rebecca Adams are entitled to summary judgment as a matter of law, the Court will not address the matter of improper service. The basic rule of the ADA is that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . [the] privileges of employment." 42 U.S.C. § 12112(a). In the statutory scheme, a "covered entity" includes an "employer," who is defined as a "person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of

such person," subject to certain exceptions not applicable here. 42 U.S.C. § 12111(5)(A). A person who "do[es] not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases." *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n. 1 (6th Cir. 1999). "[T]he [ADA] does not provide for individual liability, only for employer liability." *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996). "[I]ndividuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA." *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995).

Mitchell has sued Jason Watkins, Clay Love, Jena Bayless, and Rebecca Adams in their individual capacities for discriminatory actions taken in violation of the ADA. DN 1, ¶¶ 4. These Defendants, in their individual capacities, are not subject to the ADA, however, because they do not meet the statutory definition of "employer" and cannot be held liable for violations of the statute. Defendants Watkins, Love, Bayless, and Adams are granted summary judgment as to Mitchell's individual capacity claims against them.

**II.     Mitchell Has Not Proven Causation.**

The ADA prohibits discrimination by covered entities "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. A plaintiff can prove disability discrimination by "direct evidence that the employer relied on [her] disability in making an adverse employment decision, or if the employer admits reliance on the handicap." *Monette*, 90 F.3d at 1186. Absent direct evidence of discrimination, the burden-shifting framework of *McDonnell Douglas Corp. v. Green* applies. *Shoemaker v. E.I. DuPont de Nemours & Co.*, 405 F. App'x 16, 18 (6th Cir. 2010) (referencing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)); *see also*

*Monette*, 90 F.3d at 1186. Under this approach, "[t]he plaintiff must first establish a *prima facie* case of discrimination." *Shoemaker*, 405 F. App'x at 18 (citing *Monette*, 90 F.3d at 1186). This burden "is not onerous"; rather, a plaintiff's burden at the summary judgment stage "is merely to present evidence from which a reasonable jury could conclude that [she] suffered an adverse employment action 'under circumstances which give rise to an inference of unlawful discrimination.'" *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 364 (6th Cir. 2007) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)), *abrogated on other grounds by Lewis*, 681 F.3d 312. Thus, a plaintiff must typically show: (1) she is a member of a protected class (*i.e.*, she is "disabled"); (2) she was otherwise qualified for the position; (3) she suffered an adverse employment action; and (4) the circumstances under which she suffered that action give rise to the inference of unlawful discrimination—or, stated differently, that there is a nexus between the adverse action and her disability. *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802; *Monette*, 90 F.3d at 1177-86). Once a *prima facie* case is established, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. *Id.* (citing *Monette*, 90 F.3d at 1186). If the defendant offers sufficient evidence of a legitimate, nondiscriminatory reason, the burden then shifts back to the plaintiff to "identify evidence from which a reasonable jury could conclude that the proffered reason is actually pretext for unlawful discrimination." *Id.* (citing *Monette*, 90 F.3d at 1186).

Defendants move for summary judgment on grounds that Mitchell has failed to offer proof that her termination was on the basis of her disability. In her Complaint, Mitchell alleges that Defendant Fowler Foods fired her exactly a week after she called the Paducah City Police to report that money was stolen from her purse while she was working. In her deposition, Mitchell reiterated that "I know the reason I'm fired is because I turned you in to the police . . . You

know, that's where I mostly feel like I was discriminated against." (Mitchell dep. 53.) Mitchell has offered no proof from which a reasonable juror could determine her termination was on the basis of her disability. Rather, Mitchell has maintained throughout this action that she was terminated because she reported her money as stolen to the Paducah Police Department. Although Mitchell has testified that fellow employees bullied her by calling her "slow" and "mentally retarded," Mitchell has offered no proof that her *termination* had any connection to any perceived disability by her co-workers. Furthermore, to the extent that Mitchell asserts a hostile work environment claim under the ADA, the proof does not support it. "[M]ere utterance of an . . . epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to create a hostile work environment." *Coulson v. The Goodyear Tire & Rubber Co.*, 31 F. App'x 851, 858 (6th Cir. 2002) (citations omitted) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)) (internal quotation marks omitted) (referring to a suicidal plaintiff as "looney toon," "wacko," and "crazy," alone, is "not sufficient to create a hostile work environment"). Here, Mitchell admits she did not complain to her supervisors about the name-calling, and that she preferred "to ignore them and do my job." (Mitchell dep. at 58-59.) On these facts, the Court finds that Mitchell has not established a *prima facie* case of discrimination and, thus, summary judgment is warranted on her claims.

## CONCLUSION

Defendants have moved for summary judgment on Plaintiff Cindy Mitchell's claims against them. For the foregoing reasons, Defendants' Motion for Summary Judgment (DN 24) is GRANTED. An appropriate Order shall issue.

CC: Counsel
    Plaintiff, pro se