# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt  
Clerk

100 EAST FIFTH STREET, ROOM 540  
POTTER STEWART U.S. COURTHOUSE  
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000  
www.ca6.uscourts.gov

Filed: October 30, 2013

Mr. Jonathan Freed  
Bradley, Freed & Grumley  
P.O. Box 1655  
Paducah, KY 42002

Cindy M. Mitchell  
2001 South 28th Street  
Paducah, KY 42003

Re: Case No. 13-5494, *Cindy Mitchell v. Fowler Foods/Kentucky Fried, et al*  
Originating Case No. : 5:12-cv-00009

Dear Sir or Madam,

   The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Julie Brock  
Case Manager  
Direct Dial No. 513-564-7011

cc:  Ms. Vanessa L. Armstrong

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 13-5494

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 30, 2013
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| CINDY MITCHELL, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| FOWLER FOODS/KENTUCKY FRIED | ) THE WESTERN DISTRICT OF |
| CHICKEN; JASON WATKINS; CLAY | ) KENTUCKY |
| LOVE; JENA BAYLESS; REBECCA | ) |
| ADAMS, | ) |
| Defendants-Appellees. | ) |

<u>O R D E R</u>

Before: COLE and GIBBONS, Circuit Judges; COHN, District Judge.*

Cindy Mitchell appeals pro se from a grant of summary judgment in favor of Fowler Foods/Kentucky Fried Chicken ("KFC") and four KFC employees in this employment discrimination action filed under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Mitchell asserted that she has been diagnosed with depression, bipolar disorder, and post-traumatic stress disorder. She was hired by Fowler Foods in September 2011 as a part-time customer service worker at a KFC restaurant in Paducah, Kentucky. On October 8, 2011, her employment was terminated for "stealing, hazardous procedures." Mitchell filed a discrimination charge with the

---

*The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 13-5494
- 2 -

Equal Employment Opportunity Commission ("EEOC") based on disability. The EEOC issued a right-to-sue letter and Mitchell filed the instant action under the ADA against Fowler Foods/KFC, and KFC employees Jean Bayless, Rebecca Adams, Clay Love, and Jason Watkins. In her complaint, Mitchell asserted that when Watkins hired her, he "new [sic] that I had a disability," and that "a few days after I had been working there $38.00 was stolen out of my purse [and] I called Paducah City Police[, and] a week later I w[as] fired." She alleged that Bayless and Adams picked on her every day and that Bayless "said I was retarded every day." Mitchell sought $10,000 in damages and requested that Fowler Foods be required to "fire everyone [at KFC] and hire all new crew."

 The defendants filed a motion for summary judgment, and Mitchell responded. The district court granted summary judgment for the defendants. Mitchell reasserts her claims on appeal.

 We review a district court's grant of summary judgment de novo. *Booth Family Trust v. Jeffries*, 640 F.3d 134, 139 (6th Cir. 2011). Summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

 The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *see also Todd v. City of Cincinnati*, 436 F.3d 635, 636 (6th Cir. 2006).

 For Mitchell to prevail on her disability discrimination claim, she must show that (1) she was disabled, (2) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation, and (3) she suffered an adverse employment action because of her disability. *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc). Mitchell cannot meet the third prong because she did not dispute that she was terminated for reasons other than her disability. Her employment was terminated for "stealing, hazardous procedures." Indeed,

No. 13-5494
- 3 -

in her deposition, Mitchell stated that "I know the reason I'm fired is because I turned you in to the police. . . . You know, that's where I mostly feel like I was discriminated against."

Further, Mitchell did not establish a genuine dispute of material fact as to whether she was subjected to a hostile work environment. Factors relevant to a hostile work environment claim "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). The conduct is evaluated under both an objective and subjective standard, requiring the plaintiff to establish "both that the harassing behavior was 'severe or pervasive' enough to create an environment that a reasonable person would find objectively hostile or abusive, and that he or she subjectively regarded the environment as abusive." *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 333 (6th Cir. 2008) (quoting *Harris*, 510 U.S. at 21).

There is insufficient evidence of the type of conduct necessary to create a hostile work environment. At most, co-workers Bayless and Adams picked on Mitchell every day, and Bayless called Mitchell "retarded" every day. While arguably rude, these defendants' conduct is not so extreme as to change the terms and conditions of Mitchell's employment. *See Coulson v. The Goodyear Tire & Rubber Co.*, 31 F. App'x 851, 858 (6th Cir. 2002) (referring to a plaintiff with suicidal thoughts as "looney toon," "wacko," "crazy," and "Rambo," is "not sufficient to create a hostile work environment"). In any event, Mitchell never complained to her manager about her co-workers' name-calling or "bullying." Instead, she stated that she "ignore[d] them and [did] my job." Thus, the defendants met their burden of showing an absence of abusive behavior that is objectively hostile, and the district court did not err by granting summary judgment in favor of the defendants.

Finally, the district court properly determined that the individuals named in the complaint could not be held liable under the ADA. *See Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001). Therefore, the district court did not err in granting summary judgment for these defendants.

No. 13-5494
- 4 -

Accordingly, the district court's judgment is affirmed.  Fed. R. App. P. 34(a)(2)(C).

ENTERED BY ORDER OF THE COURT

Clerk